# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH HIGH,** | : | **CIVIL ACTION NO. 1:05-CV-0165** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **RONALD R. HOLT, Warden** | : | |
| **Respondent** | : | |

## **MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, filed by petitioner Kenneth High ("High"), challenging his federal conviction and sentence. Because the remedy offered by 28 U.S.C. § 2255 is adequate and effective to address these claims, the petition will be dismissed for lack of jurisdiction.

## I. **Statement of Facts**

Following a jury trial in the United States District Court for the Eastern District of Michigan, High was convicted of several controlled substance offenses. He was sentenced in December 1992 to a term of imprisonment of 300 months. The conviction and sentence were affirmed by the United States Court of Appeals for the Sixth Circuit on April 22, 1994.[1]

---

[1] See United States v. High, 23 F.3d 409 (6th Cir. 1994) (unpublished disposition).

Within a few months, High filed in the sentencing court a motion to correct or vacate his sentence pursuant to 28 U.S.C. § 2255. The court denied the motion on July 31, 1995. A timely appeal was filed, and the Sixth Circuit affirmed.[2]

A series of unsuccessful requests to file successive motions to vacate sentence followed. In July 1999, High sought permission from the Sixth Circuit to file a petition raising the issue of a "conflict of interest." The request was denied. In May 2000, he asked to file to petition asserting that the jury instructions in his case were unconstitutional. The request was dismissed for want of prosecution. Not to be deterred, in September 2002, he again sought permission from the Sixth Circuit to file a petition raising similar allegations of error. The request was denied February 11, 2003.

On January 25, 2005, High filed in this court, within the district of his confinement, the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. High argues, relying primarily on Edwards v. United States, 523 U.S. 511 (1998), that he is "actually innocent" because the trial court failed to provide the jury with a special verdict slip, which would have enabled them to determine the amount and kind of controlled substances for which he should be held accountable. He also contends that the presentence report improperly attributed certain drug quantities to him and that his sentence is unconstitutional under Blakely v. Washington, 124 S. Ct. 2531 (2004).

---

[2] See High v. United States, 106 F.3d 400 (6th Cir. 1996) (unpublished disposition).

**II.     Discussion**

Challenges to the legality of federal convictions or sentences, including those based on the recent decision in <u>Blakely</u>, may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255.  See <u>Okereke v. United States</u>, 307 F.3d 117, 120-21 (3d Cir. 2002) (citing <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997)). Claims may not be raised in a petition pursuant to § 2241 except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective.  See 28 U.S.C. § 2255; <u>see</u> <u>Dorsainvil</u>, 119 F.3d at 251-52.  Importantly, a motion under § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See <u>Dorsainvil</u>, 119 F.3d at 251-52. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective or authorize pursuit of a petition for writ of habeas corpus pursuant to § 2241.  See <u>United States v. Brooks</u>, 230 F.3d 643, 647 (3d Cir. 2000); <u>Dorsainvil</u>, 119 F.3d at 251.

One circumstance in which the United States Court of Appeals for the Third Circuit has recognized the inadequacy of the remedy provided by § 2255 is when, following the denial of an initial motion in the sentencing court, the Supreme Court announces a new statutory interpretation that renders the conduct of which the petitioner was convicted "non-criminal."  See <u>Dorsainvil</u>, 119 F.3d at 249.  Since § 2255 does not provide for a successive motion on this ground, a petitioner may be barred from seeking relief even though he or she is now imprisoned for conduct

that is not criminal.  To avoid the "complete miscarriage of justice" that might otherwise result, the petitioner in this circumstance may bring a petition for writ of habeas corpus pursuant to § 2241.  See Dorsainvil, 119 F.3d at 249-52.

However, this exception does not apply here.  Neither Edwards and Blakely, the two cases on which High primarily relies, offered a new substantive interpretation of a federal criminal statute; rather, both addressed the constitutional and statutory authority of the district judge to impose a particular sentence.  See Blakely, 124 S. Ct. at 2536-37; Edwards, 523 U.S. at 514-15.  They did not render the conduct of which High was convicted "non-criminal," but merely provided another basis on which High could challenge his conviction and sentence.[3]    Such a challenge must be raised through a motion pursuant to § 2255.  See 28 U.S.C. § 2255; see also Okereke, 307 F.3d at 120-21.  That High may be (and apparently is) unable to meet the gatekeeping requirements for securing relief under this section does not establish its inadequacy or ineffectiveness.  See

---

[3] Although strictly irrelevant to the jurisdictional inquiry, it may be noted that the United States Court of Appeals for the Third Circuit recently held that the rule announced in United States v. Booker, 125 S. Ct. 738 (2005), a direct descendant of the principles recognized in Blakely, is not retroactively applicable to cases on collateral review.  See Lloyd v. United States, 407 F.3d 608, 614-15 (3d Cir. 2005) (citing Schriro v. Summerlin, 542 U.S. 348 (2004)).

Dorsainvil, 119 F.3d at 251. The claims in the instant petition must be presented to the United States Court of Appeals for the Sixth Circuit, pursuant to § 2255.[4]

An appropriate order will issue.

           S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

Dated:       August 10, 2005

---

[4] High requests that this case be transferred to the district court in either the district of sentencing or the district of his current confinement; however, because only the United States Court of Appeals for the Sixth Circuit would have jurisdiction over these claims (and because High has objected to characterizing the instant petition as one under § 2255 (see Doc. 3 at 2)), the court declines to transfer this case. See 28 U.S.C. § 1631.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KENNETH HIGH,** | : | **CIVIL ACTION NO. 1:05-CV-0165** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **RONALD R. HOLT, Warden** | : | |
| **Respondent** | : | |

AND NOW, this 10th day of August, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The motions to vacate sentence (Doc. 2), to transfer (Docs. 3, 9), and to stay (Doc. 6) are DENIED.

3. The Clerk of Court is directed to CLOSE this case.


    S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge